```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
UNITED STATES OF AMERICA

                -against-

LUIS ALBERTO ARIAS ARIAS,

                                Defendant.
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __1/16/2025__

21 Cr. 218-3 (AT)

**ORDER**

ANALISA TORRES, District Judge:

By letter dated January 10, 2025, Defendant *pro se*, Luis Alberto Arias Arias, moves for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2). Mot., ECF No. 158. The Court has carefully considered Mr. Arias Arias' letter and the applicable law. For the following reasons, Mr. Arias Arias' motion is denied.

Mr. Arias Arias pleaded guilty to conspiring to distribute and possess with intent to distribute 40 grams and more of mixtures and substances containing a detectable amount of fentanyl, in violation of 21 U.S.C. §§ 841(b)(1)(B), 846. *See generally* ECF No. 141. Based on the Court's independent evaluation of the U.S. Sentencing Guidelines, the Court found that the applicable offense level was 36, Mr. Arias Arias' criminal history category was I, and the Guidelines range was 188 to 235 months' imprisonment. Sent'g Tr. at 5:5–9, ECF No. 156. The Court's calculation of the offense level included a three-level increase under U.S.S.G. § 3B1.1(b) because Mr. Arias Arias was a manager or supervisor (but not an organizer or leader) in the offense. The Court sentenced Mr. Arias Arias to a below-Guidelines sentence of 60 months' imprisonment for the reasons stated on the record. ECF No. 155 at 1–2. Importantly, the offense to which Mr. Arias Arias pleaded guilty carries a mandatory minimum sentence of 60 months' imprisonment. *See* 21 U.S.C. §§ 841(b)(1)(B), 846. By law, the Court could not impose a sentence less than 60 months' imprisonment.

Under 18 U.S.C. § 3582(c)(2), a defendant who has been sentenced to a term of imprisonment "based on a sentencing range that has subsequently been lowered by the Sentencing Commission" may move for a sentence reduction "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Section 1B1.10 of the Sentencing Guidelines, a policy statement, explains that eligibility for a sentence reduction under § 3582(c)(2) "is triggered only by an amendment . . . that lowers the applicable guideline range." U.S.S.G. § 1B1.10 cmt. n. 1(A). "Accordingly, a reduction in the defendant's term of imprisonment is not authorized . . . if [] none of the amendments . . . is applicable to the defendant." *Id.*

Mr. Arias Arias correctly notes that U.S.S.G. § 4C1.1, "Adjustment for Certain Zero-Point Offenders," was recently amended by the Sentencing Commission. Mot. at 1; *see* U.S.S.G. app. C supp. am. 831. The amendments do not apply to Mr. Arias Arias, however, and even if they did, he would not qualify for an offense-level adjustment under § 4C1.1 as amended. To qualify for an adjustment under § 4C1.1, the defendant must not have "receive[d] an adjustment under § 3B1.1

(Aggravating Role)." As stated above, Mr. Arias Arias did receive an adjustment under § 3B1.1 for his aggravating role in the offense.

Ultimately, even if the Court found that an amendment to the Sentencing Guidelines lowered the Guidelines range applicable to Mr. Arias Arias, the Court would not be permitted to reduce Mr. Arias Arias' sentence. As explained above, 60 months' imprisonment is the mandatory minimum sentence that the Court may impose by law.

Accordingly, the Court finds that Mr. Arias Arias is ineligible for a sentence reduction under 18 U.S.C. § 3582(c)(2). His motion is, therefore, DENIED.

The Clerk of Court is respectfully directed to mail a copy of this order to Defendant *pro se*.

SO ORDERED.

Dated: January 16, 2025
New York, New York

_____
ANALISA TORRES
United States District Judge